IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | Criminal No. 3:06-CR-192-N |
| NICK MONARREZ (31) | § | ECF |

## PLEA AGREEMENT

The defendant, Nick Monarrez, the defendant's attorney, Kimberly C. Priest-Johnson, and the United States of America (the government), agree as follows:

1. **Rights of the defendant**: Monarrez understands that he has the right

   a. to plead not guilty;

   b. to have a trial by jury;

   c. to have his guilt proven beyond a reasonable doubt;

   d. to confront and cross-examine witnesses and to call witnesses in his defense;

   e. against compelled self-incrimination; and

   f. to be represented by counsel at all stages of these proceedings.

2. **Waiver of rights and plea of guilty**: Monarrez waives these rights and pleads guilty to Count One of the indictment, that being a violation of 21 U.S.C. § 846 and 841(a)(1) and (b)(1)(A)(ii), Conspiracy to Possess with Intent to Distribute and Distribution of a Controlled Substance. Monarrez understands the nature and elements of

Nick Monarrez's Plea Agreement
Contents of this page agreed to by Monarrez: N.M (initial) - Page 1

the crime to which he is pleading guilty, and agrees that the factual resume he signed is true and will be submitted as evidence.

3.  **Sentence**: The minimum and maximum penalties the Court can impose for Count One include:

> a.  A term of imprisonment of not less than 10 years nor more than life;
>
> b.  a fine not to exceed $10,000,000;
>
> c.  a term of supervised release of not less than five years, which will follow any term of imprisonment. If Monarrez violates the conditions of supervised release, he could be imprisoned for the entire term of supervised release;
>
> d.  a mandatory special assessment of $100;
>
> e.  restitution to victims or to the community, which is mandatory under the law, and which Monarrez agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone;
>
> f.  costs of incarceration and supervision; and,
>
> g.  forfeiture of property.
>
> h.  In addition, upon conviction of an offense involving distribution of a controlled substance, Monarrez is, in the discretion of the Court, subject to denial of any or all "federal benefits" as defined in 21 U.S.C. § 862(d), for a period of up to five years.

4.  **Court's sentencing discretion and role of the Guidelines**: Monarrez understands that the sentence in this case will be imposed by the Court after consideration of the United States Sentencing Guidelines. The guidelines are not binding on the Court, but are advisory only. Monarrez reviewed the guidelines with his attorney, but understands no one can predict with certainty the outcome of the Court's consideration of

**Nick Monarrez's Plea Agreement**
**Contents of this page agreed to by Monarrez:** N.M (initial) - Page 2

the guidelines in this case. Monarrez will not be allowed to withdraw his plea if his sentence is higher than expected. Monarrez fully understands that the actual sentence imposed (so long as it is within the statutory maximum) is solely in the discretion of the Court.

5. **Mandatory special assessment**: Monarrez agrees to pay to the U.S. District Clerk the amount of $100, in satisfaction of the mandatory special assessment in this case.

6. **Defendant's agreement**: Monarrez shall give complete and truthful information and/or testimony concerning his participation in the offense of conviction. Upon demand, Monarrez shall submit a personal financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding his capacity to satisfy any fines or restitution. Monarrez expressly authorizes the United States Attorney's Office to immediately obtain a credit report on him in order to evaluate Monarrez's ability to satisfy any financial obligation imposed by the Court. Monarrez fully understands that any financial obligation imposed by the Court, including a restitution order and/or the implementation of a fine, is due and payable immediately. In the event the Court imposes a schedule for payment of restitution, Monarrez agrees that such a schedule represents a minimum payment obligation and does not preclude the United States Attorney's Office from pursuing any other means by which to satisfy Monarrez' full and immediately enforceable financial obligation. Monarrez understands that he has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the Court.

Nick Monarrez's Plea Agreement
Contents of this page agreed to by Monarrez: N.M. (initial) - Page 3

7.      **Forfeiture of property**: Monarrez agrees not to make a claim or assert any interest in, contest, challenge, or appeal in any way the administrative or criminal forfeiture to the United States of America of any property, real or personal, alleged as subject to forfeiture in the indictment or seized or restrained by law enforcement agents during the investigation related to the indictment. He agrees this property is subject to forfeiture pursuant to 21 U.S.C. § 881(a) and/or, 21 U.S.C. § 853(a), whichever is applicable.

8.      **Government's agreement**: The government will not bring any additional charges against Monarrez based upon the conduct underlying and related to the defendant's plea of guilty. The government will file a Supplement in this case, as is routinely done in every case, even though there may or may not be any additional terms. The government will dismiss, after sentencing, any remaining charges in the pending indictment. This agreement is limited to the United States Attorney's Office for the Northern District of Texas and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against Monarrez or any property.

9.      **Violation of agreement**: Monarrez understands that if he violates any provision of this agreement, or if his guilty plea is vacated or withdrawn, the government will be free from any obligations of the agreement and free to prosecute Monarrez for all offenses of which it has knowledge. In such event, Monarrez waives any objections based upon delay in prosecution. If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, Monarrez also waives objection to the use against

**Nick Monarrez's Plea Agreement**
**Contents of this page agreed to by Monarrez:** N.M (initial) - Page 4

him of any information or statements he has provided to the government, and any resulting leads.

10.   **Voluntary plea**:  This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement.  There have been no guarantees or promises from anyone as to what sentence the Court will impose.

11.   **Waiver of right to appeal or otherwise challenge sentence**: Monarrez waives his rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal from his conviction and sentence.  He further waives his right to contest his conviction and sentence in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255.  Monarrez, however, reserves the rights (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of his plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

12.   **Immigration Consequences**:  Monarrez recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States.  Under federal law, a broad range of crimes are removable offenses, including the offense to which Monarrez is pleading guilty.  Indeed, because Monarrez is pleading guilty to Conspiracy to Possess with Intent to Distribute and Distribution of a Controlled Substance, removal is presumptively mandatory.  Removal and other immigration consequences are the subject of a separate proceeding, however, and Monarrez understands that no one, including his attorney or the district court, can predict

**Nick Monarrez's Plea Agreement**
Contents of this page agreed to by Monarrez: _MM_ (initial) – Page 5

to a certainty the effect of his conviction on his immigration status. Monarrez nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea of guilty may entail, even if the consequence is his automatic removal from the United States.

13. **Representation of counsel**: Monarrez has thoroughly reviewed all legal and factual aspects of this case with his lawyer and is fully satisfied with that lawyer's legal representation. Monarrez has received from his lawyer explanations satisfactory to him concerning each paragraph of this plea agreement, each of his rights affected by this agreement, and the alternatives available to him other than entering into this agreement. Because he concedes that he is guilty, and after conferring with his lawyer, Monarrez has concluded that it is in his best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

(NOTHING FURTHER ON THIS PAGE.)

14. **Entirety of agreement**: This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties.

AGREED TO AND SIGNED this 16th day of November 2012.

_____
Nick Monarrez
Defendant


_____
Kimberly C. Priest-Johnson
Attorney for Defendant
Texas State Bar No. 24027753

SARAH R. SALDAÑA
UNITED STATES ATTORNEY

_____
Jennifer Tourje
Assistant United States Attorney
Texas State Bar No. 24010449
1100 Commerce Street, Third Floor
Dallas, Texas  75242-1699
Tel: 214.659.8708
Fax: 214.659.8803
Email: Jennifer.Tourje@usdoj.gov

_____
Rick Calvert
Deputy Criminal Chief
Texas State Bar No. 03669700

## CERTIFICATE

I have read or had read to me this Plea Agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

_Nicolas Monarrez_                                   _Nov. 14, 2012_
Nick Monarrez                                              Date

I am the defendant's counsel. I have carefully reviewed every part of this Plea Agreement with the defendant. To my knowledge and belief, my client's decision to enter into this Plea Agreement is an informed and voluntary one.

_[signature]_                                        _11/14/12_
Kimberly C. Priest-Johnson                            Date
Attorney for Defendant
Texas State Bar No. 24027753

**Nick Monarrez's Plea Agreement**
Contents of this page agreed to by Monarrez: _NM_ (initial) - Page 8